UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIKA PARKER,<br><br>        Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE,<br><br>        Defendant. | No.  2:20-cv-00455-KJM-CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is proceeding in this action pro se.  The court previously granted plaintiff's request to proceed in forma pauperis and dismissed plaintiff's complaint with leave to amend.  (ECF No. 3.)  Plaintiff subsequently filed an amended complaint.  (ECF No. 4.)

    The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint lack facial plausibility, and therefore finds that plaintiff's complaint fails to state a claim.  For example, plaintiff "makes claim on an account . . . worth zillions of dollars." (ECF No. 4.)  Plaintiff makes refence to this account, which she claims to be entitled to, as an apparent slush fund for defendant, JP Morgan Chase. (Id.)  The complaint requests the court to "investigate the account." (Id.)  Plaintiff makes multiple implausible and largely unintelligible assertions about the account and activities related to the account.  Plaintiff does not include any basis for jurisdiction, and does not mention any statute, treaty, or provision of the Constitution that would grant this court jurisdiction.  Similarly, plaintiff does not include any legal theory—whether based on contract, tort, or statute—that would allow her to recover from defendant.  In short, plaintiff does not plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See Iqbal, 129 S. Ct. at 1949.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Because plaintiff has failed to comply with these requirements, the complaint must be dismissed.

If the court finds that a complaint should be dismissed for failure to state a claim, the court

1 has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126–
2 30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the
3 defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130–31; see
4 also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
5 leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
6 clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v.
7 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear
8 that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.
9 Cato, 70 F.3d at 1105–06 (affirming dismissal and finding the plaintiff's "theories of liability
10 either fall outside the limited waiver of sovereign immunity by the United States, or otherwise are
11 not within the jurisdiction of the federal courts").

12 The undersigned finds that, as set forth above, plaintiff has failed to state a claim for
13 which relief can be granted. Plaintiff was previously provided an opportunity to amend her
14 complaint. However, plaintiff's amended complaint suffers from the same defects as before and
15 again lacks facial plausibility. Further, plaintiff's amended complaint again fails to give fair
16 notice of her claim or state the elements of a claim in a plain and concise manner. Accordingly,
17 the undersigned finds that amendment would be futile and therefore recommends dismissal
18 without leave to amend.

19 Accordingly, it is HEREBY RECOMMENDED that plaintiff's complaint be DISMISSED
20 without leave to amend.

21 These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
23 after being served with these findings and recommendations, the parties may file written
24 objections with the court and serve a copy on all parties. Such a document should be captioned
25 /////
26 /////
27 /////
28 /////

"Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 13, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.455.F&R